### Edward B. Leigh et al. v. National Hollow Brake Beam Company.

1. EQUITY—*May Decide All Issues Presented Where it Has Jurisdiction Over Some.*—Where there are questions involved of which equity has jurisdiction, the court in order to ascertain what, if any, relief should be granted, may decide all the issues presented.

2. INJUNCTIONS—*Remedy to Preserve Matters in Statu Quo.*—Where acts inflicting an irreparable injury are imminent, an injunction is the only remedy that will preserve matters *in statu quo* until the court has had an opportunity to sift the cause, and thus to ascertain where the truth lies.

**Bill for an Injunction.**—Appeal from an interlocutory order of the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 13, 1902.

This is an appeal from an interlocutory order.

The gist of the bill is that appellee, being a corporation engaged in the manufacture and sale of hollow brake beams, in December, 1892, leased its plant, patents and rights to the Chicago Railway Equipment Company; that after the regular annual meeting of the shareholders of appellee in May, 1902, its duly elected directors were Leigh, E. A. Laughlin, H. D. Laughlin, Kern, Tichenor, Burkhardt and Fay; that they then lawfully organized as its board of directors and regularly elected H. D. Laughlin its president, E. A. Laughlin its vice-president, and S. E. Allison its secretary and treasurer; that in June, 1902, by resolution of said board, said Burkhardt was removed from his office as a director of appellee; that appellants falsely pretend that the board of directors of appellee consists of the following persons, namely: H. D. Laughlin, E. A. Laughlin, Kern, Leigh, Burkhardt, Ahrens and Geer; that such pretended board claim to have duly elected Burkhardt as president and Leigh as secretary and treasurer of appellee; that Leigh, who was formerly secretary and treasurer of appellee, refuses to turn over to Allison, who is his lawful successor, the books, records and papers of appellee; that said pretended board has caused many false entries to be made in the books and records of appellee, to its great damage; that the interests of said Equipment Company are hostile to the interests of appellee; that said pretended board in many instances (set out in detail in the bill) has taken action and made entries in said books and records in favor of said Equipment Company and detrimental to appellee; and that Leigh is largely indebted to

appellee for moneys belonging to it which he has taken for and converted to his own use.

June 16, 1902, appellee, without notice to appellants, obtained an order for a receiver and for an injunction. The receiver was ordered to take possession of the assets and property of appellee then in the possession of Leigh, and also of the money in bank belonging to it. The injunction directed Leigh to turn over such assets and property, and restrained him from doing any acts as secretary and treasurer of appellee; it restrained Burkhardt, Ahrens and Geer from acting as directors of appellee; it restrained Leigh from acting as a director, except with the other lawful directors of appellee; it restrained all of the appellants from holding any meetings except at the regular office of appellee. Upon the same day the bond of the receiver and the injunction bond were approved and filed.

It was stated in oral argument, and was not disputed, that appellants moved to dissolve this injunction and to discharge the receiver, and that such motion was overruled.

Appellants prosecute this appeal from the original order of June 16, 1902.

JOHN P. AHRENS and DAVID S. GEER, attorneys for appellants; A. M. PENCE, of counsel.

DEFREES, BRACE and RITTER, attorneys for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Counsel for appellants having in oral argument waived the want of notice of the application for a receiver and for the injunction, that question need not be here considered.

We do not find that the affidavit attached to the bill is insufficient. The cases cited by appellants thereon are not in point.

We must take the allegations of the bill as true. The bill alleges facts and circumstances showing that the members of one board of directors were regularly elected, that they duly organized as the lawful board of directors of

appellee, and lawfully elected certain named persons as its officers; and that the other and pretended board of directors is composed in large part of men who have not the slightest claim to be directors of appellee. And, further, that such pretended board is hostile to appellee, and has knowingly acted against the interests of appellee in favor of its lessee and rival, the Equipment Company; and that such pretended board has·caused minutes and transactions to be entered in the books and records of appellee which tend to impoverish appellee and to enrich its rival. And, further, that this pretended board has some *indicia* of right to act for appellee, and therefore may bind appellee to third parties who deal with that board as the representative of appellee in ignorance of its want of power to act.

The acts set up in the bill as being done by this pretended board of directors are so destructive to the well-being of appellee that the court was justified in appointing a receiver to hold the property of appellee subject to the further order of the court. This it did upon the application of the owner of such property. In this way the confusion that would otherwise inevitably ensue in the affairs of appellee from a continuance of the wrongful acts set out in the bill, is prevented; and the property is protected and preserved pending the application for relief.

It is conceded by appellee " that a court of equity has no jurisdiction to try the title to the office of director of a corporation as a primary question; that it has no power to enter a decree which will act upon the office *in rem*, or have the effect of ousting one claimant and installing another."

But if the question as to which person is entitled to the office of director is, or becomes, an incidental question in the case, and there are other questions involved of which equity has jurisdiction, the court, in order to ascertain what, if any, relief should be granted, will decide all the issues presented, including that of who is the lawful director. Nathan v. Tompkins, 82 Ala. 437; Ciancimino v. Man, 20 N. Y. Sup. 702.

What are the real facts in this case, we do not know. As before stated, we are limited to the bill. We must accept its allegations as true. It therein appears that appellants are endeavoring to wreck appellee for the benefit of the Equipment Company; that by reason of their wrongful and fraudulent acts an irreparable injury will be inflicted upon appellee. In such a case an injunction is the only remedy that will preserve matters *in statu quo* until the learned chancellor has had an opportunity to sift the cause, and thus to ascertain where the truth lies. Unless a court of equity has jurisdiction to order a provisional injunction in such a case, the rightful party may be ruined before a court of law could determine who are the legal directors. Johnston v. Jones, 23 N. J. Eq. 216; Kerr v. Trego, 47 Pa. St. 292, 295.

The decree of the Circuit Court is affirmed.